STATE *vs.* JOHN A. SUPERS.

JULY 13, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. A jury in the superior court found the defendant guilty of being a disorderly person. His motion for a new trial was denied. The case is before us on his exception to such denial and on various other exceptions taken during the trial.

Immediately after the jury was sworn defendant's counsel admitted that his client had indecently exposed his person to young girls on the way to school on March 8, 9 and 10, 1949. The evidence thereafter showed that defendant, a married man who was then on probation for a similar offense, committed the acts in question while standing in the window of his grocery store in the city of Woonsocket. His excuse was that at such times he did not know what he was doing as his mind went blank.

Defendant ascribed such mental condition to his army service in various sectors of the European field of operations in the late World War, which service was fully disclosed to the jury. However, his honorable discharge made no mention of any service connected disability. Furthermore, he had sought no medical assistance, either private or governmental, until shortly after his arrest in the instant case when his attorney sent him to Dr. Himon Miller, a neurologist and psychiatrist, for treatment of a "nervous disorder."

Doctor Miller testified that defendant came to him on March 21, 1949; that from that time on he had been and still was under his care; and that from defendant's history and his own observations, which were entirely subjective, his "impression," or diagnosis as he later termed it, was that defendant was suffering from "A psychoneurosis of the assessive compulsive type," a condition that produces an "amnesia pause" during which a person is "totally unaware of what happens" for "a few seconds, a few minutes." Defendant had previously testified unequivocally that with him the mental blank "lasted from 5 to 20 seconds" and that on such occasions he would "be sitting down most of the time." We recall that in the instant case he repeatedly

indecently exposed himself while *standing* in the window of the store.

The first exception argued by defendant is to the ruling of the trial justice allowing the state in cross-examination to ask for and subsequently refer to excerpts from the medical notes relating to defendant's case that Dr. Miller had in his possession but which he apparently had not used in direct examination. Even though technically the ruling were open to question yet in the circumstances of the present case the inspection and use of such notes was not prejudicial to the defendant, as they were sparingly referred to by the state and such reference did not affect or impair to any extent the substance of the doctor's testimony already of record. This exception is overruled.

Under his next exception relied on defendant claims that the trial justice erred when in the charge he referred to Dr. Miller's testimony as "opinion evidence." He contends that since the doctor's testimony was based on his observations of defendant and not on a hypothetical question, the trial justice unduly minimized and in effect destroyed to the prejudice of defendant the controlling force of such testimony by calling it opinion evidence. We cannot agree with such contention. Our examination of the charge shows that immediately following the language in question the trial justice instructed the jury to give Dr. Miller's testimony whatever weight they found it was entitled to. The challenged instruction is in accord with settled practice.

Speaking generally, the great weight of authority is that the opinion of an expert, whether based on personal observations as in the instant case or on a hypothetical question, is to be considered by a jury in the same manner as the testimony of any other witness. In passing on a disputed question of fact, which in the case at bar was whether defendant knew that he indecently exposed his person, it was the duty of the jury to determine that issue according to their own judgment upon all the evidence, enlightened but not controlled by the opinion of expert witnesses.

*Ashton* v. *Tax Assessors,* 60 R. I. 388; *Barry* v. *Kettelle,* 49 R. I. 50. Doctor Miller's testimony in this case clearly comes within that rule. The fact that he had personally observed the defendant while treating him may have added weight to his testimony, but the jury were not bound to accept his opinion as determinative of the issue they were called upon to decide if, upon a consideration of all the evidence, their judgment was otherwise. The exception under consideration is overruled.

Defendant's final exception that we will consider is to the denial of his motion for a new trial. The principal ground upon which he rests this exception is a reiteration of the court's language with reference to Dr. Miller's testimony. In his brief he says that the "Judge's prejudicial error in his charge to the jury caused him to make a further error in refusing to grant a new trial." He also contends that because of such error the trial justice misconceived the evidence. In view of what we said concerning defendant's claim of error in the charge the main ground of the present exception needs no further consideration. We have also carefully examined the evidence and find no reason to disturb the approval of the jury's verdict by the trial justice. This exception is overruled.

The other exceptions urged by the defendant in his brief or oral argument have been considered and found to be without merit. They are therefore overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*William E. Powers,* Attorney General, *Alfred E. Motta,* Special Counsel, for State.

*Irving I. Zimmerman,* for defendant.